IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS KRON, INMATE #47677, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-4054 |
| CAPTAIN COOK, *et al.,* | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Thomas Michael Kron (SPN #47677, TDCJ #1474083), filed the complaint in this case under 42 U.S.C. § 1983, while he was in custody at the Chambers County Jail. Kron appears *pro se* and he has been granted leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.   BACKGROUND

Kron sues Chambers County, Chambers County Sheriff Joe LaRive, and Chambers County Jail Captain Cook. Kron complains that, in October and November of 2007, Captain Cook and Sheriff LaRive denied him access to the county law library. Kron complains therefore that these officials have violated the constitutional right of a criminal defendant to access a law library and he seeks injunctive relief on his behalf in the form of a court order allowing him access to the law library on an "emergency" basis. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

II.     **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly

does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

Kron complains that Captain Cook and Sheriff LaRive have violated his constitutional right to access a law library. Liberally construed, Kron claims that the defendants have

3

violated his right of access to courts. Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). That right of access to the courts is generally afforded by the First Amendment, the Due Process Clause, and the Equal Protection Clause. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (collecting cases that demonstrate the "unsettled . . . basis of the constitutional right of access to courts").

A prisoner's right of access to courts is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351). In that regard, inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355. Instead, they are merely guaranteed "the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id*. Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Inadequate access to a law library, standing alone, does not establish a denial of access to courts. The right of access to courts requires prison administrators to make law library

4

facilities available to inmates or to otherwise provide alternative means to achieve access to courts. *See Bounds*, 430 U.S. at 830.  There is, however, no "abstract, freestanding right to a law library or legal assistance," and an inmate cannot demonstrate the requisite actual injury for an access-to-courts claim "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.  To state a claim, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

Exhibits attached to the complaint reflect that Kron requested permission to use the county law library to conduct "research" in connection with the criminal case that was pending against him.  Kron does not allege specific facts showing that the alleged denial of access to the law library adversely affected his ability to proceed in the case against him.  For example, he does not allege that he was representing himself during those proceedings.  Likewise, he does not specify the issues that he wished to research or show that he was unable to present a particular non-frivolous claim before the court.  Accordingly, Kron's allegations are insufficient to establish a constitutional violation.

Alternatively, Kron's complaint fails to state a claim for another reason.  Public records confirm that Kron is no longer in custody at the Chambers County Jail.  These records reflect that Kron was convicted on November 20, 2007, of assault on a public servant in cause number 14578, and sentenced to serve four years and six months in the Texas

Department of Criminal Justice ("TDCJ"), where he presently resides. Importantly, Kron seeks only injunctive relief in this case. From this record, there is no reasonable probability that Kron will soon return to the Chambers County Jail and the pleadings do not otherwise show that his request for injunctive relief concerns constitutional violations that are "capable of repetition yet evading review." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Under these circumstances, Kron's transfer to a state prison facility renders moot any claim for injunctive relief concerning his confinement at the Chambers County Jail. *See Oliver*, 276 F.3d at 741; *see also Cooper v. Sheriff, Lubbock County, Tex*., 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief). Accordingly, the complaint must be dismissed for this additional reason.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on January 23, 2008.

*Nancy F. Atlas*

Nancy F. Atlas
United States District Judge